UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEAN PIERRE DUSSAUBAT, JR., | Case No.2:23-CV-1647  JCM (DJA) |
| Plaintiff(s), | |
| v. | ORDER |
| KEY INSURANCE COMPANY, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Jean Pierre-Dussaubat, Jr.'s motion to remand. (ECF No. 6).  Defendant Key Insurance Company filed a response (ECF No. 10), to which the plaintiff replied (ECF No. 12).  For the reasons stated below, the court grants the plaintiff's request to remand this matter to state court but denies his request for attorney's fees.

**I.    Background**

This is an insurance dispute case in federal court because defendant Key Insurance Company removed it from state court on the basis of diversity jurisdiction.  (ECF No. 1).  Key does not dispute the lack of complete diversity, acknowledging that the other defendant, Earl McFarlane, is a Nevada resident.  (*Id.* at 2).  But Key argues that this court should exercise diversity jurisdiction because McFarlane was fraudulently joined.  (*Id.*).

Plaintiff recovered a default judgment against McFarlane in the underlying Nevada state court case[1] after he sued for personal injuries sustained in a car accident in which McFarlane was the other driver.  (*Id.* at 8).  Plaintiff alleges that Key was McFarlane's auto insurer when the accident occurred and is therefore liable for his damages related to the accident and underlying

---

[1] Eight Judicial District Court Case No. A-21-837753-C.

case. He further alleges that Key denied coverage. Plaintiff therefore sues Key for breach of contract, violation of the Nevada Unfair Claims Practices Act, contractual breach of good faith and fair dealing, and tortious breach of good faith and fair dealing. (*See generally id.*). Plaintiff seeks an injunction against waste under Nev. Rev. Stat. § 21.240 against McFarlane. (*Id.* at 17).

Key argues that McFarlane's alleged negligence "has no bearing" on the bad faith allegations against Key. (*Id.* at 2). Key argues that because there is "no legal basis to state a cause of action against McFarlane, his presence should be ignored from consideration for purposes of diversity jurisdiction. (*Id.*).

## II.   Legal Standard

Federal courts are courts of "limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations omitted). Although plaintiffs are generally entitled to deference in their choice of forum, a defendant may remove a case originally filed in state court to federal court if "the district courts of the United States" would have original jurisdiction over it. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017); 28 U.S.C. § 1441(a). Relevant to this motion, original jurisdiction includes diversity jurisdiction, which requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). The removing defendant must overcome the "strong presumption against removal" and has the burden of proving diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

## III.  Discussion

The parties dispute whether this court has diversity jurisdiction under the fraudulent joinder doctrine. An exception to the requirement of complete diversity exists where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067

(9th Cir. 2001). "[J]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (internal quotations omitted).

The Ninth Circuit has clarified the tension between Rule 12(b)(6) and the fraudulent joinder doctrine as follows:

> In deciding whether a cause of action is stated we have declared that [the court] will look only to a plaintiff's pleadings to determine removability. And, we have commented that [the court] will determine the existence of federal jurisdiction solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings. At least that is true when there has not been a fraudulent joinder. Where fraudulent joinder is an issue, [the court] will go somewhat further. The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (cleaned up). Thus, the ordinary Rule 12(b)(6) procedure notwithstanding, "a removing defendant [can] submit facts showing that a resident defendant ha[s] 'no real connection with the controversy.' " *Id.* (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

The Ninth Circuit has "made it clear that the party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.' " *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046). If there is even a *possibility* that a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the court must remand the case. *Hunter*, 582 F.3d at 1044–46. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Because Key invoked the fraudulent joinder doctrine, it bears the heavy burden of showing that the plaintiff "*obviously* failed to state a cause of action" against McFarlane, the resident defendant. *Weeping Hollow Ave. Trust*, 831 F.3d at 1113 (emphasis added). It has failed to do so. Key makes the bald assertion that because the plaintiff already obtained a default judgment against McFarlane in the underlying case, "there is no reasonable basis in fact or law supporting a claim"

against McFarlane in this case. (ECF No. 10, at 3). But Key does not explain how or why the plaintiff does not have a "basis in fact or law" to join McFarlane as a defendant in this case under NRS 21.240. In fact, Key does not address NRS 21.240 at all.

NRS 21.240 appears to provide a cause of action against waste. Key has not provided authority to the contrary nor met its burden to overcome the presumption against fraudulent joinder and removal jurisdiction. It is not this court's job to overcome Key's heavy burden by conducting legal research on Key's behalf. *E.g.*, *U-Haul Co. of Nevada v. Gregory J. Kamer, Ltd.*, No. 2:12-CV-00231-KJD, 2013 WL 4505800, at *2 (D. Nev. Aug. 21, 2013) ("[T]he burden of representation lies upon [the parties], and not upon the [c]ourt . . . the idea that courts will not perform the work of representing parties is clear.").

Moreover, Key concedes that the plaintiff may have a "valid" cause of action against McFarlane but argues that this court should nevertheless exercise jurisdiction because the plaintiff's "purpose" behind joining McFarlane is "to destroy diversity jurisdiction." (ECF No. 10, at 4). But fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent.[2] District courts in this circuit have consistently ruled that the motive behind a plaintiff's joinder of a resident defendant is irrelevant to the issue of fraudulent joinder. *E.g.*, *Christian v. Regence BlueCross BlueShield of Or.*, No. C:20-5445-RJB-MAT, 2020 U.S. Dist. LEXIS 155242, at *6 (W.D. Wash. Aug. 3, 2020); *Membreno v. Goodyear Tire & Rubber Co.*, No. CV-18-6801-JFW(Ex), 2018 U.S. Dist. LEXIS 175512, at *7 (C.D. Cal. Oct. 11, 2018). It is sufficient—for jurisdictional purposes—that there is a mere *possibility* that a Nevada state court could find that the complaint states a claim for relief against McFarlane. Accordingly, the court cannot conclude that McFarlane was fraudulently joined.

Plaintiff makes an additional request for attorney's fees under 28 U.S.C. 1447(c), which provides that an "order remanding [a case removed from state court] may require payment of just

---

[2] *See e.g.*, *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) ("The fact that the plaintiffs' motive for joining a Doe defendant is to defeat diversity is not considered indicative of fraudulent joinder."); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("[The plaintiff's] motive in joining [the non-diverse defendant] is immaterial to our determination regarding fraudulent joinder.").

costs and any actual expenses, including attorney fees, incurred as a result of the removal." (ECF No. 6, at 8). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). "Under *Martin*, whether removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).

In *Gardner*, the Ninth Circuit explained that the proper inquiry under Section 1447(c) is whether the removing defendant "lacked an objectively reasonable basis for seeking removal." *Id.* Whether to award fees is in the district court's discretion and Section 1447(c) does not indicate whether fees should "usually" be granted or denied. *Id.* at 561. The plaintiff does not adequately brief this issue, failing to address Ninth Circuit authority and Key's reasons for removal. (*See generally* ECF No. 6). The court cannot find that Key lacked an objectively reasonable basis for removal. The plaintiff's request for fees is therefore DENIED.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Jean Pierre-Dussaubat, Jr.'s motion to remand (ECF No. 6) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that this matter be REMANDED to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-23-877477-C.

The clerk of the court is INSTRUCTED to close this case.

DATED July 16, 2024.

_____
UNITED STATES DISTRICT JUDGE